USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LILLIAN RIVERA,

                                Petitioner,                17-CV-2257 (RA)(SN)

              -against-                           **OPINION AND ORDER**

SABRINA KAPLAN,

                                Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On April 10, 2018, the Honorable Ronnie Abrams referred this habeas corpus petition to me for a report and recommendation. By motion dated March 27, 2017, Petitioner Lillian Rivera moves the Court to grant a request for pro bono counsel. For the reasons set forth below, the motion is denied without prejudice.

Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary. See 18 U.S.C. § 3006A(a)(2)(B). The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Id. Indeed:

> [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer

lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id.

Here, Petitioner's application describes the efforts she made to obtain counsel in some detail. But without the benefit of the respondent's brief, the Court is unable to evaluate the merit of the petition. Accordingly, the Court denies the application without prejudice. The Court will revisit Petitioner's request *sua sponte* after the respondent has filed her response.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 3.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: April 16, 2018
New York, New York

cc: Lillian Rivera (*by Chambers*)
10-G-0502
Bedford Hills Correctional Facility
P.O. Box 1000
Bedford Hills, NY 10507